UNITED STATES DISTRICT COURT
DISTRICT OF ALASKA

ROBERT S. CROWLEY JR,

        Plaintiff,

vs.

NANCY DAHLSTROM,
CHERLYE GIBB,

        Defendants.

3:22-CV-00241-SLG-MMS

## REPORT AND RECOMMENDATION REGARDING
## 28 U.S.C. § 1915 SCREENING

On November 01, 2022, Robert S. Crowley Jr., a self-represented prisoner ("Plaintiff"), filed a Prisoner's Complaint under the Civil Rights Act, 42 U.S.C. § 1983 ("Complaint"), a civil cover sheet, and a Prisoner's Application to Waive Prepayment of the Filing Fee. Dkt. 1; Dkt. 2; Dkt. 3. Plaintiff also moved for summary judgment on November 22, 2022. Dkt. 5. Plaintiff's pending litigation was referred to this Court for dispositive recommendations. Dkt. 8.

This Court screens Plaintiff's recent filings in accordance with 28 U.S.C. §§ 1915(e) and 1915A. This Court hereby issues its Report and Recommendation regarding Plaintiff's motions. 28 U.S.C. 636(b)(1)(B); Dkt. 1; Dkt. 5.

# SCREENING REQUIREMENT

Federal law requires a court to conduct an initial screening of a civil complaint filed by a self-represented prisoner. In this screening, a court shall dismiss the case at any time if the court determines that the action:

(i) is frivolous or malicious;

(ii) fails to state a claim on which relief may be granted; or

(iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915A. To determine whether a complaint states a valid claim for which relief may be granted, courts consider whether the complaint contains sufficient factual matter that, if accepted as true, "state[s] a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In making this determination, a court may consider "materials that are submitted with and attached to the Complaint." *United States v. Corinthian Colleges*, 655 F.3d 984, 999 (9th Cir. 2011) (citing *Lee v. L.A.*, 250 F.3d 668, 688 (9th Cir. 2001)). In conducting its review, a court must liberally construe a self-represented plaintiff's pleading and give the plaintiff the benefit of the doubt. *See Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citing *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985) (en banc)). Rule 8 of the Federal Rules of Civil Procedure instructs that a complaint must contain a "short and plain statement of the claim showing that the [complainant] is entitled to relief." Fed.R.Civ.P. 8(a)(2). While Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal,* 556

U.S. 662, 678 (2009). Allegations of civil violations supported by mere conclusory statements, do not suffice. *Id.* A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

Here, the thrust of Plaintiff's Complaint relates to filing fees that are scheduled to be (or have already been) refunded. There are, however, several deficiencies in the Complaint that do not abide by Rule 8 requirements. Liberal treatment of pro se motions does not necessarily exempt Plaintiff from, for example, providing a "short and plain statement of the grounds for the court's jurisdiction." Fed. Civ. R. 8(a)(1). Indeed, it is unclear exactly how the purported "owed" filing fees constitute a pre-existing § 1983 violation of his constitutional rights, when the record instead indicates that the Department of Corrections has *refunded* prior deductions. As Plaintiff's exhibits show, the Department of Corrections has abided by the Dkt. 5-5 Court Order. Dkt. 5-2. In other words, Plaintiff's allegations fall outside this Court's limited jurisdiction, as established by Constitution or statute. *Steel Co. v. Citizens for Better Environment*, 523 U.S. 83, 89 (1998); *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Because this Court lacks jurisdiction, no prepayment filing fees will be collected, despite this Court's order at Dkt. 9.

One final comment. Taking judicial notice of Court financial documentation, this Court brings to Plaintiff's attention that he, in fact, *owes* filing fees for separate cases. Fed. R. Evid. 201. The Court's financial documentation will be attached to this Report and Recommendation for informational purposes.

Either under lack of jurisdiction or a failure to state Rule 8(b) relief, this Court recommends that Plaintiff's motion be **DISMISSED**. 28 U.S.C. 636(b)(1)(B).

DATED this 12th day of May 2023 at Anchorage, Alaska.

*s/ Matthew M. Scoble*
CHIEF U.S. MAGISTRATE JUDGE

Pursuant to D. Alaska Loc. Mag. R. 6(a), a party seeking to object to this proposed finding and recommendation shall file written objections with the Clerk of Court no later than the CLOSE OF BUSINESS on May 26th, 2023. Failure to object to a magistrate judge's findings of fact may be treated as a procedural default and waiver of the right to contest those findings on appeal. Miranda v. Anchondo, et al., 684 F.3d 844 (9th Cir. 2012). The Ninth Circuit concludes that a district court is not required to consider evidence introduced for the first time in a party's objection to a magistrate judge's recommendation. United States v. Howell, 231 F.3d 615 (9th Cir. 2000). Objections and responses shall not exceed five (5) pages in length, and shall not merely reargue positions presented in motion papers. Rather, objections and responses shall specifically designate the findings or recommendations objected to, the basis of the objection, and the points and authorities in support. Response(s) to the objections shall be filed on or before the CLOSE OF BUSINESS on June 2, 2023. The parties shall otherwise comply with provisions of D. Alaska Loc. Mag. R. 6(a). Reports and recommendations are not appealable orders. Any notice of appeal pursuant to Fed. R. App. P. 4(a)(1) should not be filed until entry of the District Court's judgment. See Hilliard v. Kincheloe, 796 F.2d 308 (9th Cir. 1986).